T.C. Summary Opinion 2005-53


UNITED STATES TAX COURT


EDWARD C. ROSA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8299-03S.              Filed April 25, 2005.


Edward C. Rosa, pro se.

<u>Miriam C. Dillard</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $3,104 in petitioner's Federal income tax for 2000 and an addition to tax under section 6651(a)(1) of $109. After petitioner's concession of unreported income of $10,881, the issues for decision are whether petitioner: (1) Is entitled to itemized deductions of $5,704, (2) is entitled to deduct business expenses of $8,882, and (3) is liable for the addition to tax for failure to file timely a Federal income tax return.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Vega Alta, Puerto Rico.

Petitioner filed on April 28, 2001, a Federal income tax return for 2000. The return failed to report $10,881 of nonemployee income earned by petitioner in 2000 from "J&S Floor Covering" (J&S). After the statutory notice of deficiency in this case was issued, petitioner submitted to respondent a Form 1040X, Amended U.S. Individual Income Tax Return, reporting the $10,881 of nonemployee income omitted from his tax return. The amended return also reported for the first time on Schedule A, Itemized Deductions, itemized deductions of $5,704 and on Schedule C, Profit or Loss From Business, business expense deductions of $8,882.

## Discussion

Because petitioner failed to meet the requirements of section 7491(a)(2), the burden of proof does not shift to respondent in this case on the issues of itemized and business expense deductions.

1. Itemized deductions

Tax deductions are a matter of legislative grace with a taxpayer bearing the burden of proving entitlement to the deductions claimed.  Rule 142(a)(1); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Taxpayers bear the burden of substantiating the amount and purpose of any claimed deduction.  See Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  Taxpayers are required to maintain sufficient records to establish the amounts of income and deductions.  Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001); sec. 1.6001-1(a), Income Tax Regs. Petitioner, therefore, must produce evidence that he is entitled to the deductions he claims.

At trial, petitioner offered no evidence to support his claim for itemized deductions, mostly unreimbursed employee expenses.  He stated that he worked for J&S during the tax year "doing maybe three projects for them to get on my feet."  He then found a better job with a service department in upstate New York,

he said.  Petitioner testified that in moving from New York to Puerto Rico he lost "nine boxes of documents".  He testified that the amounts deducted on the return are estimates.  Petitioner, however, failed to explain how he arrived at his estimates.

This Court is not bound to accept a taxpayer's unverified and self-serving testimony.  Blodgett v. Commissioner, 394 F.3d 1030, 1036 (8th Cir. 2005), affg. T.C. Memo. 2003-212; Shea v. Commissioner, 112 T.C. 183, 189 (1999).  Because petitioner has failed to corroborate his testimony or provide any substantiation to support his itemized deductions, we sustain respondent's position with respect to the itemized deductions.

2. Schedule C Expenses

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Generally, no deduction is allowed for personal, living, or family expenses.  See sec. 262. The taxpayer must show, Rule 142(a), that any claimed business expenses were incurred primarily for business rather than social reasons, see Walliser v. Commissioner, 72 T.C. 433, 437 (1979). To show that the expense was not for personal reasons, the taxpayer must show that the expense was incurred primarily to benefit his business, and there must have been a proximate relationship between the claimed expense and the business.  See id.

Where a taxpayer has established that he has incurred a trade or business expense, failure to prove the exact amount of the otherwise deductible item may not be dispositive. Generally, unless precluded by section 274, the Court may estimate the amount of such an expense and allow the deduction to that extent. Finley v. Commissioner, 255 F.2d 128, 133 (10th Cir. 1958), affg. 27 T.C. 413 (1956); Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, however, there must be some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, an allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

In this case, where petitioner presented no evidence in support of his claimed business expenses, there is an insufficient basis upon which to estimate whether, and to what extent, he incurred business expenses.

3. Addition to Tax Under Section 6651(a)(1)

Respondent bears the burden of production with respect to an addition to tax. Sec. 7491(c). In order to meet this burden, respondent must produce evidence sufficient to establish that it is appropriate to impose the addition to tax. Higbee v. Commissioner, supra at 446-447. The parties agree that petitioner's tax return was not filed until April 28, 2001.

Respondent has met his burden of production under section 7491(c) with respect to imposing the addition to tax under section 6651(a)(1).

It is then petitioner's burden to prove that he had reasonable cause and lacked willful neglect in not filing his return timely. See <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985); <u>Higbee v. Commissioner</u>, <u>supra</u>; sec. 301.6651-1(a)(2), Proced. & Admin. Regs. Because petitioner failed to offer any evidence of reasonable cause and lack of willful neglect for his failure to file timely, respondent's determination that he is liable for the addition to tax under section 6651(a)(1) is sustained.

Respondent's determinations in the notice of deficiency are in all respects sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be</u>
<u>entered for respondent</u>.